# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DIONDRE WINSTEAD | ) | Case No. 1:21-mj-612 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **4/4/2016; 8/1/2017; and 6/16/2018** in the county of **Hamilton** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. Section 7206(1) | (1) Willfully making or subscribing a Form 1040 U.S. Individual Income Tax Return which contains a declaration that it is made under the penalties of perjury and which the declarant does not believe to be true and correct as to every material matter |

This criminal complaint is based on these facts:
See Attachment

☑ Continued on the attached sheet.

*Chad A Adolph*

Complainant's signature

Chad A. Adolph, Special Agent, IRSCI
Printed name and title

Sworn to before me and signed in my presence.
**via FaceTime video**

Date: **Aug 18, 2021**

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

City and state: Cincinnati, Ohio

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF A CRIMINAL COMPLAINT AND ARREST WARRANT FOR:<br>**DIONDRE WINSTEAD** | Case No.  1:21-mj-612<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Chad A. Adolph, a Special Agent with the United States Treasury Department Internal Revenue Service, Criminal Investigation (IRSCI) hereinafter referred to as the affiant, being duly sworn, depose and state as follows:

### I.     INTRODUCTION

1. I am and have been a Special Agent (SA) with the United States Treasury Department, Internal Revenue Service, Criminal Investigation. I have been employed by the United States Treasury Department for nearly twenty-one years. I received training in accounting, financial, and money laundering investigative techniques at the Federal Law Enforcement Training Center. I have also attended multiple seminars on money laundering and other financial schemes. My duties as a special agent include investigating potential criminal violations of Title 26 (Internal Revenue Code), Title 18 (money laundering and related specified unlawful activities such as narcotics trafficking, wire fraud, and public corruption) and Title 31 (Bank Secrecy Act) of the United States Code. I have participated on public corruption and drug trafficking task forces. I am currently assigned to Organized Crime Drug Enforcement Task Force investigations. As a Special Agent, I have personally written affidavits for criminal complaints as well as many search and seizure warrant affidavits and conducted numerous criminal financial investigations as well as public corruption investigations along with agents from other agencies and Task Force Officers (TFOs)

from other departments.

2. This affidavit is made in support of a criminal complaint for DIONDRE WINSTEAD for violating 26 U.S.C. § 7206(1) (False Return). Your affiant is aware that whoever knowingly and willfully makes and subscribes a Form 1040 U.S. Individual Income Tax Return which contains a declaration that it is made under penalties of perjury and which he does not believe to be true and correct as to every material matter has violated 26 U.S.C. § 7206(1).

3. Because of my personal observations and participation in this investigation and information provided to me by other officers and TFOs, I am familiar with facts and circumstances of this investigation. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge of this matter.

## II. PROBABLE CAUSE

### BACKGROUND OF INVESTIGATION

4. The Cincinnati Police Department (CPD) and the United States Treasury Department IRSCI along with other federal, state and local partners have been investigating narcotics trafficking activities of criminal enterprises and violent street gangs operating in Southern Ohio through a variety of OCDETF investigations. Information obtained during these investigations identified alleged money laundering organizations (MLO) operating as nightclubs supporting and facilitating drug trafficking organizations (DTO) wherein drug proceeds were being used to pay popular entertainers to perform at various nightclubs to generate revenue which would appear to be legitimate, reportable income.

5. Together with the Cincinnati Police Department (CPD), the United States Treasury Department IRSCI launched an investigation which is ongoing into money laundering and other crimes allegedly committed by MLOs and/or those associated with those nightclubs. During the course of this investigation, information was received that individuals associated with nightclubs had been or were currently being warned of police activities and were in essence, being forewarned

of impending investigations and/or enforcement activity and thereby protected by members of the Cincinnati Police Department. During the course of this investigation, you affiant has also learned that it appears members of the Cincinnati Police Department working off-duty details were aware of money laundering activities ongoing in the nightclub and had reason to believe the cash being paid to them was derived from narcotics sales.

6. CPD and the United States Treasury IRSCI began investigating DIONDRE WINSTEAD (WINSTEAD) for various criminal offenses including those related to financial benefits received by WINSTEAD as a result of his employment with CPD. WINSTEAD has been with the Cincinnati Police Department for approximately fifteen years as a Police Officer.

7. Your affiant and CPD TFO Colin Vaughn interviewed WINSTEAD after advising WINSTEAD of his non-custodial constitutional rights and the nature of the criminal investigation. WINSTEAD stated he began working details at area nightclubs approximately ten (10) years ago and that these nightclubs host performers and concerts that are paid for and promoted by "dope boys" so they could clean their drug money through the nightclub. WINSTEAD stated that the promoters of the concerts are "dope boys" who go to the owner and tell the owner they want to do an event and they sign a contract with the club on how much is to be paid to the performers, the club to rent out the space, for security and agree that the club keeps all bar sales and the "dope boys" keep ticket monies. The "dope boys" pay for all the expenses including the cost for officers to be there. WINSTEAD stated the "dope boys" paid for the expenses in cash which came from drug sales. WINSTEAD stated that it was likely he and the other officers were paid with drug cash.

8. During the interviews, WINSTEAD told your affiant that WINSTEAD had not reported cash income on his federal tax returns that he earned working those off-duty details. WINSTEAD stated that the total amount he was paid each year in cash for working details was not provided to his return preparer when his return preparer prepared and submitted his federal income tax returns

3

on his behalf. WINSTEAD admitted his federal income tax returns were false because he did not report the total amount of income he earned working off-duty details.

9. Your affiant is aware that CPD permits Cincinnati Police Officers to work off-duty, police related details (details). CPD tracks the number of hours officers work details throughout the year. You affiant obtained those records. Until the calendar year of 2016 the detail rate paid to a police officer was at least $32.00 per hour. For the calendar year of 2017, the detail rate paid to a police officer was at least $40.00 per hour. Your affiant obtained the detail records for WINSTEAD which included the number of detail hours WINSTEAD worked each year for the years 2015, 2016 and 2017. Using the number of detail hours worked each year and the hourly rate paid for the details your affiant determined the amount of gross income earned by WINSTEAD working details for the years 2015, 2016, 2017.

10. Your affiant reviewed the 2015 Form 1040 U.S. Individual Income Tax Return filed by WINSTEAD. Based upon records provided by CPD, it appears WINSTEAD was paid $30,408 in 2015 working details in addition to wages paid by CPD. WINSTEAD reported $6,286 of that off-duty detail income omitting $24,122 of the off-duty detail income from his 2015 Form 1040 U.S. Individual Income Tax Return thus underreported his total income earned and filed a false tax return with the United States Internal Revenue Service.

11. Your affiant reviewed the 2016 Form 1040 U.S. Individual Income Tax Return filed by WINSTEAD. Based upon records provided by CPD, it appears WINSTEAD should have reported $29,992 gross self-employment income from working off-duty details. WINSTEAD reported just $16,802 omitting $13,190 from his 2016 Form 1040 U.S. Individual Income Tax Return and thus underreported his total income earned and filed a false tax return with the United States Internal Revenue Service.

12. Your affiant reviewed the 2017 Form 1040 U.S. Individual Income Tax Return filed by WINSTEAD. Based upon records provided by CPD, it appears WINSTEAD was paid at least

$39,590 in 2017 working details in addition to wages paid by CPD.  WINSTEAD reported only $18,737 of the off-duty detail income and omitted at least $20,853 from his 2017 Form 1040 U.S. Individual Income Tax Return.  After admitting to agents that he underreported his income, WINSTEAD visited his return preparer and admitted to his prepare that he had underreported his income and had his return preparer submit an Amended Form 1040X which cited the reason for filing the 1040X as being "Understated Income" and reported $49,600 in Self Employment Income thus further admitting the original 2017 Form 1040 underreported his total income earned and was false at the time WINSTEAD filed the original tax return with the United States Internal Revenue Service.

13. Based upon your affiant's participation in this investigation, your affiant respectfully submits the aforementioned facts provide probable cause to find that WINSTEAD is in violation of 26 U.S.C. § 7206(1) willfully making and subscribing returns and documents which WINSTEAD knew to be false to the United States.

14. I hereby declare that the foregoing is true and correct to the best of my knowledge and belief, pursuant to the investigation conducted on this case.

Respectfully submitted,

*Chad A Adolph*

Chad A. Adolph
Special Agent
United States Treasury, IRSCI

Subscribed and sworn before me, via electronic means, this 18th day of August, 2021.

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

5